UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN D. BYRD,

        Plaintiff,

v.                                      Case No. 1:07-cv-880
                                      Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

        Plaintiff was born on August 30, 1941 and completed two years of college (AR 76, 112).[1] Plaintiff alleges that he has been disabled since June 30, 2003 (AR 76). Plaintiff had previous employment as a sales manager at a car dealership, car salesman, truck driver, and hotel clerk (AR 107). Plaintiff identified his disabling conditions as diabetic neuropathy, which results in numb feet and aching legs (AR 106). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on February 24, 2006 (AR 14-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

_____

[1] Citations to the administrative record will be referenced as (AR "page #").

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-

step analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step
> sequential process" for claims of disability.  First, plaintiff must demonstrate that she
> is not currently engaged in "substantial gainful activity" at the time she seeks
> disability benefits. Second, plaintiff must show that she suffers from a "severe
> impairment" in order to warrant a finding of disability.  A "severe impairment" is one
> which "significantly limits . . . physical or mental ability to do basic work activities."
> Third, if plaintiff is not performing substantial gainful activity, has a severe
> impairment that is expected to last for at least twelve months, and the impairment
> meets a listed impairment, plaintiff is presumed to be disabled regardless of age,
> education or work experience. Fourth, if the plaintiff's impairment does not prevent
> her from doing her past relevant work, plaintiff is not disabled. For the fifth and final
> step, even if the plaintiff's impairment does prevent her from doing her past relevant
> work, if other work exists in the national economy that plaintiff can perform, plaintiff
> is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations

caused by his impairments and the fact that he is precluded from performing his past relevant work

through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant

number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile." *Id.*  If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861

F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation.  Following the five steps,

the ALJ initially found that plaintiff had not engaged in substantial gainful activity at any time

relevant to the decision (AR 16).  Second, the ALJ found that plaintiff had the following severe

impairments: coronary artery disease (status post coronary artery bypass), diabetes mellitus, and

arthralgias (AR 17).  At the third step, the ALJ found that plaintiff did not have an impairment or

combination of impairments that met or equaled the requirements of the Listing of Impairments in

20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19).

> The ALJ decided at the fourth step that:

>> the claimant has the residual functional capacity to perform work except for lifting
>> and carrying more than five pounds; standing and/or walking more than two hours
>> in an eight-hour workday; sitting more than six hours in an eight-hour workday;
>> pushing, pulling, and operating foot controls more than frequently; and climbing
>> ramps and stairs, balancing, stooping, kneeling, and crouching more than
>> occasionally.  The claimant should avoid concentrated exposure to extreme cold,
>> hazardous machinery, and unprotected heights.

(AR 20).  Based on this residual functional capacity (RFC), the ALJ found that plaintiff was capable

of performing his past relevant work as a sales manager as actually performed, which the ALJ

classified as at the sedentary, skilled exertional level (AR 21).

> Rather than ending the evaluation at this point, the ALJ proceeded to the fifth step of

the sequential analysis, where he concluded that plaintiff could also perform the following jobs in

the regional economy: ticket seller (4,800 positions); bench assembler (4,800 positions); sorter (5,000

positions); and parts checker (3,500 positions) (AR 21).  Accordingly, the ALJ determined that

plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision

denying benefits (AR 21-22).

## III.  ANALYSIS

### A.      Background

> Plaintiff, proceeding *pro se*, failed to file a brief as required by the court's order

directing filing of briefs.  *See* docket no. 6    The court issued an order to show cause for failure to

4

file the brief.  *See* docket no. 7.  The court accepted plaintiff's response to the show cause order as

his brief.  *See* docket nos. 8, 9.  Defendant filed a responsive brief and plaintiff filed a reply brief.

*See* docket nos. 10, 12.

### B.      Plaintiff's claim

Taken together, plaintiff's briefs contend that his diabetic neuropathy and lack of

stamina prohibit him from performing his past relevant work as a sales manager.  *See* docket nos.

9, 12.  Specifically, plaintiff contends that the vocational expert (VE) did not accurately describe his

duties as a sales manager.  In his reply brief, plaintiff stated that his work as a sales manager

involved a number of tasks (in his words):

> 1.      Every week to ten days, I had to go to the auto auction and
> purchase ten to fifty vehicles.  This means I had to be at the auction
> by 6:AM  to pick out the vehicles I was going to bid on.  (Auction
> started at 9:AM.  In order to do so, I had to drive every vehicle.  Also
> walk around every vehicle, open hoods, open trunks, open every
> door, moonroof, etc.  Also crawl under vehicle to make sure ti had
> not undergone any major damage.

> 2.      Go to other dealerships and repeat this same task.  The reason
> for this is, dealerships like to keep their own brand of vehicles on
> their use car lot.

> 3.      Also, I was responsible for the worth of every used vehicle on
> our lot.  The reason is, we had a 60 day inventory rule.  Meaning, if
> any of the inventory was on our lot for 60 days, I had to seel it (at the
> auction, other dealerships, [etc.]) and not lose any monies, too speak
> of, or within reason.

> *            *            *

> Anyway, I would think that anyone would agree that, as a
> used car manager, I had to walk and move around a lot.

5

> To sum it up, I'm good coming out of the gate, but have not
> had the stamina since the whole thing started.[2]

Docket no. 12.

At the administrative hearing, plaintiff testified that he was a used car sales manager in California until 1991 (AR 444). After that date, he worked full time as a car salesman (AR 444). At a later date, he possessed a chauffeur's license and worked as a motor home driver and shuttle bus driver (AR 445-46). Plaintiff testified that his job as a sales manager involved catering to customers ("take them to lunch, and wine them, and dine them"), supervising 25 mechanics and 45 sales people, and working long hours at the car lot (e.g., from 7:30 a.m. to 2:00 a.m.) (AR 461-62, 471-72). Plaintiff testified that he spent most of the time at work sitting, and spent only about 10% of the time "on his feet" (AR 472). In addition, plaintiff testified that he lifted no more than five pounds (AR 472). Based on this testimony, the VE concluded that plaintiff's work as a car sales manager was "skilled and sedentary," and this work "would be consistent with how it's typically performed" (AR 473). The ALJ concluded that plaintiff was able to perform his past relevant work as a car sales manager, observing that "[t]he claimant has no impairments which prevent a limited range of sedentary work and no impairments which precluded skilled work activity" (AR 21).

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). A VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F. 3d 820, 827 (8th Cir. 2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v.*

---

[2] Plaintiff is apparently referring to his declining health, which included a myocardial infarction in 1998 and treatment for diabetes that commenced in 2003 (AR 17-19).

*Secretary of Health and Human Servs.*, No. 90-2084, 1991 WL 100547 at *3 (6th Cir. June 11, 1991); *Rivera v. Barnhart*, 239 F. Supp. 2d 413, 421 (D. Del. 2002).  However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy").  *See, e.g.,* *Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation).

The record reflects that both plaintiff and the VE testified regarding the physical and mental demands of plaintiff's past work as a sales manager.  Plaintiff's testimony established that he spent the majority of his time (i.e., 90%) sitting and lifted no more than five pounds.  Plaintiff's recent submission to this court regarding the physical work involved at the weekly vehicle auctions is not necessarily inconsistent with this testimony.  For example, plaintiff's testimony could be construed to include his work at the auctions as part of the 10% of the time he spent "on his feet."

However, the court notes that neither the ALJ's RFC determination nor the hypothetical questions posed to the VE considered plaintiff's testimony that his work as a car sales manager could last as long as 18 1/2 hours a day (7:30 a.m. to 2:00 a.m.).  The ALJ provides no explanation as to how plaintiff could engage in his past relevant work as a sales manager "as actually performed," which would include working well in excess of eight hours per day (AR 21).  Given this record, the ALJ's determination at step four does not appear to be supported by the record.

7

Nevertheless, it is unnecessary to reverse and remand the ALJ's decision on this ground. Even if plaintiff could not perform his past relevant work as a sales manager, the ALJ made an alternate finding at step five of the sequential evaluation that plaintiff was not be disabled, because he retained the ability to perform 18,100 other jobs as a ticket seller, bench assembler, sorter and parts checker (AR 21). "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). "When 'remand would be an idle and useless formality,' courts are not required 'to convert judicial review of agency action into a ping-pong game.'" *Kobetic v. Commissioner of Social Security*, No. 03-2136, 2004 WL 2491074 at *2 (6th Cir. Nov. 4, 2004), *quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Based on this alternative determination, a reversal and remand to review the ALJ's step four determination would be such a "useless formality." Accordingly, plaintiff's claim should be denied.

## IV.   Recommendation

I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  February 18, 2009                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within eleven (11) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8